BRADY WILLIAMS KERESEY, APPELLANT, *v.* NEVADA NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, RESPONDENT.

No. 12705

June 25, 1982

646 P.2d 1224

---

[1]The Governor designated the Honorable Howard McKibben, Judge of the Ninth Judicial District Court, to sit in the place of THE HONORABLE JOHN MOWBRAY, Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 4.

*Noel Stephen Topol,* Reno, for Appellant.

*Belford and Semenza,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a district court order granting summary judgment. The issue presented is whether a national banking association situated in Nevada may charge an interest rate in excess of the general usury statute but within the allowable limits of the Nevada Thrift Companies Act. We conclude that it may.

Respondent Nevada National Bank lent appellant Keresey $12,000 at an annual interest rate of 20 percent. The loan was secured by a deed of trust. After he had received the proceeds of the loan, Keresey, through his attorney, notified Nevada National Bank that he considered the loan usurious and accordingly was not obligated to pay the agreed upon interest. Nevada National Bank then filed a complaint for declaratory judgment, seeking a decree that the note, including the interest term, was binding and enforceable against Keresey. The district court judge granted summary judgment in the bank's favor. Keresey appeals.

Appellant argues that the loan was usurious because the then-existing usury statute prohibited interest rates in excess of 18 percent per annum.[1] The Nevada Thrift Companies Act, however, specifically exempted thrift companies from this ceiling under certain circumstances. NRS 677.730, for example, permitted thrift companies to lend at "any rate of interest" if

---

[1] At the time of the loan in issue, NRS 99.050 provided, in pertinent part: "Parties may agree for the payment of any rate of interest on money due or to become due on any contract which does not exceed the rate of 18 percent per annum. . . . Any agreement of a greater rate of interest than specified in this section is void as to all interest." 1979 Nev. Stats. 963. The statute was amended in 1981 to permit "any [agreed upon] rate of interest." 1981 Nev. Stats. 1593.

the principal amount was $10,000 or more and the obligation was secured by collateral with a market value of at least 115 percent of the amount due on the loan. Appellant does not deny that the terms of the loan met the requirements of the statute; his objection is based on the premise that respondent was not entitled to lend money under the thrift companies provision.

The National Banking Act authorizes national banking associations to charge the same interest rate permissible for banks organized pursuant to state law.[2] The Act has been interpreted to give national banks a "most favored lender" status. *See* Tiffany v. National Bank of Missouri, 85 U.S. 409 (1873); Commissioner of Small Loans v. First National Bank, 300 A.2d 685 (Md.App. 1973). Thus, where a national bank complies with the statutory requirements for any loan authorized under state law, it may charge the maximum interest rate to which another lender would be entitled. Since appellant's loan conformed to the terms of NRS 677.730, the bank was permitted to charge "any rate of interest" on which the parties agreed.[3]

Appellant also argues that it is against public policy to permit interest rates which exceed the general usury statute. This is a matter properly addressed to the legislature and not this court. By exempting thrift companies from the general interest ceiling, the legislature has declared its view that there is nothing inherently contrary to public policy to be found in agreements to pay greater interest rates than those authorized under the general usury statute.[4]

---

[2] "Any association may take . . . and charge on any loan or discount made . . . interest at the rate allowed by the laws of the State . . . where the bank is located . . . and no more, except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this chapter. When no rate is fixed by the laws of the State, . . . the bank may take . . . a rate not exceeding 7 per centum or 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank. . . ." 12 U.S.C. § 85 (1976).

[3] Appellant contends that since the applicable statute, NRS 677.730, permits "any rate of interest," it does not specify a rate for purposes of 12 U.S.C. § 85; appellant concludes that the interest ceilings provided in § 85 must therefore apply. The phrase "any rate of interest," however, is held to fix an interest rate for purposes of the federal statute. *See* Daggs v. Phoenix National Bank, 177 U.S. 549 (1900); Hiatt v. San Francisco National Bank, 361 F.2d 504 (9th Cir. 1966), *cert. denied,* 385 U.S. 948 (1966), *rehearing denied,* 385 U.S. 1021 (1967).

[4] Our conclusion is supported by the repeal of the 18 percent interest ceiling. *See* 1981 Nev. Stats. 1593.

The judgment of the district court is affirmed.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[5] concur.